IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSE C. HOWARD, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3373 |
| | § | |
| MERCEDES-BENZ USA, LLC, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

By Order [Doc. # 18] entered February 28, 2011, the Court granted Defendant Houston Auto M. Imports, Ltd.'s Motion to Compel Arbitration and directed the parties to arbitrate this dispute in accordance with their Arbitration Agreement. The case is now before this Court on Plaintiffs' "Motion to Remand" [Doc. # 28], in which Plaintiffs "ask that this case be remanded to this court for trial." *See* Motion to Remand, p. 3. Defendant filed a Response [Doc. # 29], and Plaintiffs filed a Reply [Doc. # 30]. Having reviewed the full record and applicable legal authorities, the Court **denies** the Motion to Remand.

### I.    BACKGROUND

Plaintiffs filed this lawsuit alleging that Defendants engaged in race discrimination in connection with Plaintiffs' purchase of a vehicle. Defendants moved to compel arbitration and submitted an Arbitration Agreement signed by Plaintiffs.

The Arbitration Agreement provided that arbitration would be the sole method of resolving any claim, dispute, or controversy between the parties. On February 28, 2011, the Court granted the Motion to Compel Arbitration and ordered the parties to arbitrate their dispute.

On October 22, 2012, Plaintiffs filed their Motion to Remand. It is clear from the motion, and from the absence of any proceeding in this Court that could be "remanded," that Plaintiffs are seeking reconsideration of the Order granting the Motion to Compel Arbitration. Plaintiffs do not dispute that they signed the Arbitration Agreement. Instead, they now argue that they should not be bound by the Arbitration Agreement because they also signed a document that includes a venue selection provision. The "Motion to Remand" has been fully briefed and is now ripe for decision.

## II.  ANALYSIS

Plaintiffs argue that the Court should reconsider and vacate its order compelling arbitration because they signed a Retail Purchase Agreement that includes a venue selection provision. Specifically, paragraph 18 of the Retail Purchase Agreement provides that the "sole and exclusive venue for any dispute or litigation arising under or concerning this Agreement shall be in the courts located in and for the county in which the Dealer is located, and the parties irrevocably consent to the jurisdiction of

said courts." *See* Retail Purchase Agreement [Doc. # 29-2]. Plaintiffs admit that they did not raise this provision in opposition to Defendants' Motion to Compel Arbitration.

Initially, the Court notes that Plaintiffs' motion is not actually a motion to remand. Plaintiffs filed a proper motion to remand in the arbitration proceeding, and the arbitrator denied the motion. The motion before this Court asks for the order compelling arbitration to be reconsidered and vacated based on evidence that was not presented prior to issuance of the challenged order. Although the federal rules do not specifically recognize a motion for reconsideration of a non-final order, "the same standard as a motion for relief under Rule 60 applies." *Norcom, Inc. v. CRG Int'l. Inc.*, 2003 WL 21241795, *2 (E.D. La. May 23, 2003) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)[1]). Rule 60(b)(2) provides for relief from an order based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." *See* FED. R. CIV. P. 60(b)(2).

A motion for reconsideration under Rule 60(b)(2) must be filed no later than one year after the order is entered. *See* FED. R. CIV. P. 60(c)(1). In this case,

---

[1] Abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (*en banc*).

Plaintiffs' motion was not filed until October 22, 2012, well more than one year after the Order compelling arbitration was entered on February 28, 2011.

Additionally, to prevail on a motion for reconsideration under Rule 60(b)(2) "based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)). The Retail Purchase Agreement was easily obtainable by Plaintiffs before the Court ruled on Defendants' Motion to Compel Arbitration. As a result, Plaintiffs have not demonstrated that the Retail Purchase Agreement "with reasonable diligence, could not have been discovered" earlier. Indeed, Plaintiffs attached the Retail Purchase Agreement as Exhibit B to their Complaint.

Notwithstanding the untimeliness of Plaintiffs' motion and their failure to demonstrate that the document could not have been discovered before the Court ordered arbitration, the Court notes also that paragraph 18 of the Retail Purchase Agreement does not invalidate the Arbitration Agreement. Indeed, paragraph 10 of the Retail Purchase Agreement recognizes that some customers may have executed an Arbitration Agreement and provides that "such Arbitration Agreement shall be

incorporated herein by reference and made a part of this [Retail Purchase] Agreement." *See* Retail Purchase Agreement, ¶ 10. Nothing in the venue selection provision of paragraph 18 precludes a party from seeking to enforce the Arbitration Agreement where, as here, a lawsuit is filed in the proper venue and in which the parties have consented to personal jurisdiction. In this case, Defendants asserted the Arbitration Agreement, which is incorporated into the Retail Purchase Agreement and is binding on the parties, and asked this Court to compel arbitration in accordance with its terms. Even if Plaintiffs' motion were timely and even if they were able to demonstrate that the Retail Purchase Agreement could not be discovered earlier through the exercise of reasonable diligence, the Arbitration Agreement remains valid and enforceable. As a result, the Court's Order compelling arbitration would not change.

### III.   CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiffs' Motion to Remand [Doc. # 28] is **DENIED**.

SIGNED at Houston, Texas, this **8th** day of **November, 2012**.

_____
Nancy F. Atlas
United States District Judge